White, J.
The only ground upon which the proceedings of the county commissioners are sought to be enjoined, is that the statutes under which such proceedings are had are unconstitutional. No objection is made that the proceedings are not in accordance with the statutes.
The validity of the statutes is sought to be impeached on two grounds.
1. That the taxes that the commissioners are required, by the statute, to levy for the payment of the turnpike roads which they are about to purchase, is not levied for a public purpose.
The basis on which counsel rests this proposition is that *642 the turnpike roads are already highways for public use: and that the only effect of the purchase is to relieve those using them from the payment of tolls, and to subject the roads to public management.
It seems plain to us that the accomplishment of these ends is the securing of a public purpose. It transfers the proprietary interests of the former owners, the turnpike companies, to the county, to be controlled by public authority, and opens the roads to the use of the public without charge.
2. The second ground on which the prooceedings are sought to be impeached, is that the refunding of assessments under section 3501 of the Revised Statutes, is in conflict with section 2, art. 12 of the constitution, which requires taxes to bfe levied by a uniform rule upon “ all real and personal property according to its true value in money.”
The section of the Revised Statutes referred to, provides, that for the payment of the roads and for the refunding of assessments as thereinafter specified, “ the commissioners shall levy, annually, on the taxable property of such counties, in addition to the taxes they are otherwise authorized to levy, such sum as will fully pay such bonds and the interest thereon, and for the refunding such assessments.” The persons to whom the assessments are to be refunded are thus described in the section : “ All persons resident of such counties who have paid or may pay any assessment for the construction of any roads under the act of March 29, 1867, or the acts amendatory thereof or supplementary thereto, which road has not been converted into a toll road, and who are required to pay the tax levied for such purpose, or any part thereof, shall be entitled to have repaid to them, out of any tax they are required to pay for such purchase, the amount of such assessment so paid by them, which, repayment shall in no instance exceed the amount of such tax they may have so paid ; . . . and in no instance shall a greater amount be refunded to any person than the assessment paid by him, and no tax shall be refunded but on the order of the auditor.” . . .
All the taxes the commissioners are authorized to levy, as well the amount to be refunded as the amount to be paid as *643 the price of the road, are required to b& levied alike on all the taxable property in the county. There is, therefore, no lack of uniformity in the levy; hence the only question is whether the tax for the refunding of the assessments can be constitutionally levied. The roads which such assessments were made to construct were in their nature similar to turnpike roads; they were built, not by general taxation, but by special assessments on the land-owners in the vicinity; and the right to have the assessments refunded only exists where such roads have not been converted into toll roads. In adopting the policy of allowing the counties to purchase the toll roads, by general taxation for the purpose of making such roads free, it was deemed unjust by the legislature, not to make provision for refunding assessments to those who had been required to pay them for the construction of such free roads. It was to avoid such injustice that the provision in question was made. There was no legal obligation, prior to the passage of the act in question, to refund the assessments; but the justice of doing so arose from the inauguration and enforcement of the new policy. The power of taxation is not limited to the payment of legal claims; but extends to those founded only in justice and moral obligation. State ex rel. v. Huffman, 35 Ohio St. 435; State ex rel. v. City of Circleville, 20 Id. 362; Board of Education v. McLandsborough, 36 Id. 227; State ex rel. v. Board of Education, ante, 3; People ex rel. v. Burr, 13 Cal. 343; Beals v. Amador County, 35 Cal. 625.
The fact that the refunding tax is limited to residents of the county who have paid assessments, does not affect the question of the power of the legislature to authorize the tax. That is a question of legislative discretion as to the extent to which the power shall be exercised; the act cannot be held invalid on the ground that the legislature have not provided for all who might or ought to have been.
The case of Fields v. Commissioners (36 Ohio St. 476), on which plaintiffs rely, was decided on the ground that the act there in question did not require all the real and personal property' to be taxed by a uniform rule, according to its true *644 value in money. We have shown that this objection does not apply to the present case.

Demwrrer sustained and petition dismissed.